IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLIE and MARY JACKSON, )
individually and on behalf of Jane )
Doe, a minor ) No. 3-09-1004
 )
v. )
 )
SUMNER COUNTY BOARD OF )
EDUCATION; and DONNA )
WEIDENBENNER, individually and in )
her official capacity as the Special Needs )
Teacher of Station Camp Elementary )
School )

O R D E R

At the hearing held on June 17, 2010, in four of the related cases, the following matters were addressed that directly impact this case:

1. The plaintiffs were directed to supplement, by June 25, 2010, their Rule 26(a)(1) disclosures to include the names and, if known, the address and telephone number any individuals "likely to have discoverable information--along with the subjects of that information" for any persons the plaintiffs want to depose that were not included in the original Rule 26(a)(1) disclosures served by either the plaintiffs or the defendants.[1]

2. The fact that discovery in this case is essentially consolidated with discovery in the other six related cases and there have been and will be an extensive number of depositions to be taken, it is essential for counsel to coordinate the deposition schedules with each other.[2]

---

[1] Specifically, defendants' counsel mentioned Danielle Moser and Jennifer Hilley, as well as other potential deponents about whom the defendants are unaware. In the deposition schedules provided to the Court, it appears that Jennifer Hilley is listed as Jennifer Hill, but the parties referred to her at the hearing as Jennifer Hilley.

[2] For this very reason, in the order entered March 5, 2010 (Docket Entry No. 38), the Court directed to the plaintiffs to provide the defendants a list of the witnesses whom they want to depose.

Counsel shall also communicate with each other (by email, by telephone, or personally at depositions) about scheduling depositions that have not previously been scheduled.[3]

3. Medical Records

Defendants' counsel maintained that treating physicians were identified in the plaintiffs' depositions that had not previously been identified in discovery responses and that the plaintiffs have failed to provide those and other medical records. Plaintiffs' counsel represented that he has requested but has not received records from the Center for Pediatrics ENT, Living Well Chiropractic, Tennessee Pediatrics, St. Mary's, Dr. Berger, Dr. Montgomery, and Robertson County Health.

4. The plaintiffs were directed to provide to the defendants by June 18, 2010, a list of medical records that they have requested for each plaintiff but have not received and have not provided to the defendants, with the dates they were requested.

5. Within two (2) business days of receipt by the plaintiffs of notification or notifications by the defendants of any other medical records that they have not received, the plaintiffs shall request such medical records.

6. The plaintiffs were directed to provide to the defendants, by July 30, 2010, all updated records from Dr. Woodman for all plaintiffs, and provide further supplementation of Dr. Woodman's records no later than two (2) weeks before Dr. Woodman's deposition.

7. Future Depositions and Extended/Additional Deadlines

Defendants' counsel represented that the plaintiffs' unilaterally scheduling new deponents into the schedule has impeded the defendants' ability to take depositions of other witnesses before the June 30, 2010, deadline. Defendants have not yet had the opportunity to review the plaintiffs'

---

[3] The Court acknowledges that the parties have different philosophies about how depositions should be scheduled, with the plaintiffs wanting to schedule as many depositions in one day as possible and the defendants wanting to have a break in between multiple depositions. Although these differences may be irreconcilable, counsel must exhibit some flexibility in scheduling the depositions under less than optimal circumstances.

discovery responses and depositions transcripts to identify all the witnesses that they may depose, although they know that they will want to depose the DCS investigator and the detective.[4]

8. The parties shall reserve the weeks of August 9, 2010, and August 23, 2010, for further depositions in this case.

9. The June 30, 2010, deadline for completion of fact discovery is extended to August 30, 2010.

10. The July 30, 2010, deadline for the plaintiffs to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure remains as previously provided.

11. However, the plaintiffs shall have until September 15, 2010, to serve any supplemental expert disclosure from the expert(s) who has/have provided original disclosures,[5] as a result of any additional discovery conducted in August of 2010.

12. The defendants shall have until September 30, 2010, to serve rebuttal expert disclosures. However, if the plaintiffs serve supplemental expert disclosures by September 15, 2010, the defendants shall have until October 15, 2010, to serve supplemental rebuttal expert disclosures based on the plaintiffs' supplemental disclosures.

13. <u>Reconvening Plaintiffs' Depositions</u>

Defendants' counsel pointed out that there also may be a need to schedule re-depositions of the plaintiffs after receipt of Dr. Woodman's records and/or other medical records. In addition, one child at issue in the seven cases has not begun treatment with Dr. Woodman, some of the children have only recently begun treatment with Dr. Woodman, and defendants' counsel noted that the parents testified that, within a short period of time, Dr. Woodman would be able to provide them an assessment of the children. Defendants' counsel also wanted the opportunity to make inquiries of the parents after they have received diagnoses or assessments from Dr. Woodman. In addition,

---

[4] Defendants' counsel explained that, because of the time involved in taking the depositions of 14 parents, there has simply been insufficient time to make such determinations.

[5] The plaintiffs shall not be entitled to disclose any new experts by the September 15, 2010, deadline.

3

defendants' counsel suggested that some of the parents may disagree with the diagnoses since they have apparently disagreed with other medical assessments in the past.

The defendants may seek to re-depose the plaintiffs at the appropriate time and, since it appeared that any testimony about medical records will not affect dispositive motions, if they do re-depose the parents, such depositions can be conducted while any dispositive motions are pending.

14. Protective Order

Defendants sought a protective order to allow the parties to file documents under seal that include or relate to information about the minor child and other minor children, including, but not necessarily limited to, identifying information, school records and psychological, medical and treatment records, and deposition transcripts that include such information. Plaintiffs' counsel agreed with the proposal.

No motion to make such filings under seal is required, unless otherwise required by the Clerk. However, any motions, memoranda, or statements of undisputed material facts shall be redacted to delete identifying information and, if such filings address school records, psychological, medical and/or other treatment of the minor children, the parties shall file a motion to place that filing under seal, accompanied by the proposed under seal filing, in compliance with § 5.07 of Administrative Order No. 167, entitled "Administrative Practices and Procedures for Electronic Case Filing (ECF)," entered April 18, 2005, and they shall also file a redacted version of the filing to the extent practical.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

/s/ Juliet Griffin
JULIET GRIFFIN
United States Magistrate Judge

4